1  **WO**                                                                                      KM

6                       IN THE UNITED STATES DISTRICT COURT
7                            FOR THE DISTRICT OF ARIZONA

9  John Brown,                          )    No. CV 05-2902-PHX-SMM (VAM)
                                        )
10            Plaintiff,                )    **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Head Administrator St. Luke Hostpital, et)
13  al.,                                )
                                        )
14            Defendants.               )
                                        )

On September 22, 2005, Plaintiff John Brown, formerly confined in the Maricopa County Fourth Avenue Jail, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application to Proceed").  On October 17, 2005, Plaintiff filed a Notice of Change of Address which indicates that he is no longer in custody.

**Payment of Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal [in forma pauperis], the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  Plaintiff brought this civil action while he was still a prisoner, therefore he will be required to pay the full amount of the two hundred fifty dollar ($250.00) filing fee, even though he has subsequently been released from confinement.

If Plaintiff were still a prisoner, the Court would assess and, when funds exist, collect

**JDDL**                                    - 1 -

1 an initial partial filing fee of twenty percent (20%) of the greater amount of either the average 2 monthly deposits or the average monthly balance in Plaintiff's prison account for the six (6) 3 months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). After 4 payment of the initial partial filing fee, Plaintiff would be required to make monthly 5 payments equaling twenty percent (20%) of the preceding month's income credited to his 6 prison account. 28 U.S.C. § 1915(b)(2).

7 However, because Plaintiff is no longer in custody, and therefore does not have a 8 prison account, he can not avail himself of the partial payment provisions of 28 U.S.C. § 9 1915(b)(1),(2). The statute makes no other provision for incremental collection of the fee. 10 Therefore, Plaintiff must now pay the filing fee in full. Accordingly, Plaintiff will be given 11 thirty (30) days from the filing date of this Order to pay the two hundred fifty dollar 12 ($250.00) filing fee. If Plaintiff fails to pay the filing fee within thirty (30) days of the filing 13 date of this Order, the action will be dismissed without prejudice, without further notice to 14 Plaintiff, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee.

15 Plaintiff should note that even after he pays the filing fee the Court is required to 16 screen complaints brought by prisoners seeking relief against a governmental entity or officer 17 or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a 18 complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or 19 malicious, that fail to state a claim upon which relief may be granted, or that seek monetary 20 relief from a defendant who is immune from such relief. 28 28 U.S.C. § 1915A(b)(1)(2). 21 The Court also must dismiss a complaint or portion thereof if the plaintiff fails to exhaust any 22 administrative remedy available to him. 42 U.S.C. § 1997e(a).

23 **Rule 41(b) Warning**

24 Plaintiff is warned that if he fails to timely comply with every provision of this Order, 25 or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the 26 Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) 27 (stating that a district court may dismiss action for failure to comply with any order of the 28 court).

**JDDL**

1 **IT IS THEREFORE ORDERED:**

2 (1) That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to
3 pay the two hundred fifty dollar ($250.00) filing fee;

4 (2) That the Clerk of Court is DIRECTED to enter a judgment of dismissal without
5 prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two
6 hundred fifty dollar ($250.00) filing fee within thirty (30) days of the filing date of this
7 Order, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee;

8 (3) That a clear, legible copy of every pleading or other document filed SHALL
9 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
10 District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.
11 **Failure to comply with this requirement will result in the pleading or document being**
12 **stricken without further notice to Plaintiff**; and

13 (4)  That at all times during the pendency of this action, Plaintiff SHALL
14 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
15 and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF
16 ADDRESS."  The notice shall contain only information pertaining to the change of address
17 and its effective date.  The notice shall not include any motions for any other relief.  Failure
18 to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for
19 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21 DATED this 1st day of December, 2005.

_____
Stephen M. McNamee
Chief United States District Judge

**JDDL**

- 3 -